IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHARLIE LEE SMITH,

    Petitioner,

v.

WILLIAM DANFORTH, Warden,

    Respondent.

CIVIL ACTION NO.: CV613-056

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charlie Lee Smith ("Smith"), who is currently incarcerated at Telfair State Prison in Helena, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions obtained in Bulloch County Superior Court. Respondent filed an Answer-Response and Motion to Dismiss. Smith filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Smith was convicted, after pleading guilty, on April 19, 2007, in the Bulloch County Superior Court of aggravated child molestation, aggravated sodomy, enticing a child for indecent purposes, and two counts of child molestation. (Doc. No. 10-4, p. 1). Smith received a life sentence plus twenty-five years for aggravated child molestation and enticing a child for indecent purposes. (Id.). On April 24, 2007, Smith filed an application for review of sentence. (Id. at p. 2). Then, acting *pro se*, Smith filed a Motion for Dismissal of Charges which was denied on August 16, 2007. (Doc. No. 10-7, p. 93).

Smith filed an application for writ of habeas corpus in the Telfair County Superior Court on May 4, 2009, which was denied October 16, 2012. (Doc. No. 10-1; Doc. No. 10-4). The Georgia Supreme Court denied Smith's application for certificate of probable cause to appeal on April 15, 2013. (Doc. No. 10-6).

Smith executed the instant petition on May 13, 2013, and it was filed on May 15, 2013. Respondent asserts that Smith's petition should be dismissed, as it was not timely filed.

## **DISCUSSION AND CITATION TO AUTHORITY**

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

   (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

   (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

AO 72A
(Rev. 8/82)

Smith's conviction became final at the time of his completion of the direct review process or when the time for seeking such a review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Smith was sentenced in the Bulloch County Superior Court on April 19, 2007. Smith did not file a direct appeal. Thus, his conviction became final on or about May 21, 2007.[1] O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Because Smith's conviction became final on May 21, 2007, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir.

---

[1] Smith's conviction technically became final on May 19, 2007. However, because that day was a Saturday, Smith's conviction became final May 21, 2007.

3

2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Smith's conviction became final on May 21, 2007, and he filed his state habeas corpus petition on May 4, 2009.[2] By that time, the statute of limitations period applicable to § 2254 petitions had expired, and there was nothing properly filed in the state courts which tolled the applicable federal statute of limitations period.

Having determined that statutory tolling is not available to Smith, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Smith has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to § 2254 petitions. Smith asserts that the four-year statute of limitations applicable to state habeas corpus petitions under Georgia law tolled the federal statute of limitations for his § 2254 petition. (Doc. No. 11, pp. 1-2).

---

[2] The result is the same even if Petitioner's conviction is deemed "final" thirty (30) days after the denial of his Motion for Dismissal of charges on August 16, 2007.

AO 72A
(Rev. 8/82)

Smith's argument is without merit. See Sibley, 377 F.3d at 1204. Smith did not file his state habeas corpus petition until nearly one year after the expiration of the federal statute of limitations period. Smith fails to show that any circumstance – extraordinary or otherwise – prevented him from pursuing his claims earlier than he did.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Smith's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 21st day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE