# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

CHARLIE LEE SMITH,

    Petitioner,

v.

WILLIAM DANFORTH, Warden,

    Respondent.

CIVIL ACTION NO.: CV613-056

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Smith essentially reasserts his argument presented in his 28 U.S.C. § 2254 petition that the four-year statute of limitations applicable to state habeas corpus petitions under Georgia law tolled the federal statute of limitations for his § 2254 petition. Smith asserts:

> 'that he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way' which prevented him from timely filing his § 2254 petition . . . The circumstance that stood in [Smith's] way from filing a federal habeas corpus was his having to exhaust his state remedies.

(Doc. No. 14, pp. 1-2).

Smith's objections are without merit. Smith misstates the procedural interplay of the statute of limitations applicable to state and federal habeas corpus petitions. As the Magistrate Judge explained, the applicable statute of limitations for a § 2254 petition is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). Thus, had Smith initiated the appropriate state post-conviction review process prior to the expiration of the federal statute of limitations, the time period in which he had to file his § 2254 petition would have been tolled until the state post-conviction process concluded.

Smith has not shown he is entitled to equitable tolling of the one-year statute of limitations period applicable to § 2254 petitions. "In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir.2002). Smith did not file his state habeas corpus petition until nearly one year after the expiration of the federal statute of limitations period. Smith fails to show that any circumstance – extraordinary or otherwise – prevented him from pursuing his claims earlier than he did.

2

AO 72A
(Rev. 8/82)

The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Lynn's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 16 day of Sept, 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)